`IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DONALD BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-3245 |
| | ) | |
| LOWE'S HOME CENTERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiff Donald Butler's Motion for Remand for Lack of Joinder of an Indispensable Party (d/e 11). For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

On September 15, 2008, Butler filed this action in Illinois Circuit Court for Sangamon County, Illinois. Notice of Removal (d/e 1), Exhibit 1, Complaint. Butler alleged that on December 8, 2006, he slipped and fell on the parking lot of Defendant Lowe's Home Centers, Inc.'s (Lowe's) store located at 3101 Wabash Avenue, Springfield, Illinois (Wabash Location). Butler alleged that Lowe's negligently failed to light the parking lot

1

adequately, negligently failed to maintain the parking lot, and negligently failed to repair or give notice of unreasonably dangerous conditions on the parking lot caused by the accumulation of ice and snow with deep tire ruts. Butler alleged that he was injured as a result of Lowe's negligence. Complaint, ¶¶ 10-23.

The Complaint was served on Lowe's on October 21, 2008. Lowe's filed the Notice of Removal with this Court on October 29, 2008. Lowe's asserts that removal jurisdiction is based on diversity. Butler is a resident of Pittsfield, Illinois; Lowe's is a North Carolina corporation with its principal place of business in North Carolina; and the amount in controversy exceeded $75,000.00. Notice of Removal, ¶¶ 5-8.

Butler subsequently filed a separate action in state court against AAA Superior Lawn Care, Inc. (AAA), alleging that AAA was the company employed by Lowe's to provide snow and ice removal services at the Wabash Location. Butler states that he did not name AAA in this action because he was not aware of the identity of AAA in September 2008 when he filed this action. He did not learn the identity of AAA until after Lowe's removed the action to this Court. Butler did not join AAA to this case because AAA is an Illinois resident; thus, adding it would destroy diversity.

2

Butler states that if this matter is remanded to state court, he intends to consolidate this case with the case brought against AAA. <u>Motion</u>, ¶¶ 10-13. Butler, therefore, seeks to remand this action.

## ANALYSIS

Removal jurisdiction exists in this case if the parties are diverse, no Defendant is a resident of Illinois, and the amount in controversy exceeds $75,000.00. <u>See</u> 28 U.S.C. §§ 1441(a) & (b). In this case, Butler does not dispute that these jurisdictional elements exist. Lowe's also filed the Notice of Removal in a timely manner on October 29, 2008, only eight days after being served on October 21, 2008. 28 U.S.C. § 1446(b) (a defendant may file a notice of removal within thirty days of the date that a defendant is served with the complaint). Thus, the removal was proper.

Butler argues that this Court has discretion to remand because he wants to consolidate this case with the pending state case against AAA. Butler argues this Court has discretion pursuant to § 1447(e) of the removal statute. 28 U.S.C. § 1447(e). Section 1447(e) authorizes the Court to remand if a plaintiff seeks to join an additional defendant whose joinder would destroy diversity. Butler, however, has not sought to join anyone to this action. Butler elected to file a separate action in state court rather than

attempt joinder in this case. That was Butler's choice. In such circumstance, however, § 1447(e) does not apply.

Butler also argues that AAA is an indispensable party. Fed. R. Civ. P. 19(b). Even if AAA is indispensable, the Court would not be authorized to remand the case to state court. In such situations, the Court must determine whether to allow the action to proceed with the existing parties or dismiss the action. Id. Rule 19 does not authorize remand.

Furthermore, Butler has not demonstrated that AAA is indispensable. Butler's allegations against Lowe's can be adjudicated without joining AAA as a party. See Fed. R. Civ. P. 19(a)(1)(A). Butler also makes no showing that a decision in this case would affect the outcome in his action against AAA pending in state court. See Fed. R. Civ. P. 19(a)(1)(B).

THEREFORE, Plaintiff's Motion for Remand for Lack of Joinder of an Indispensable Party (d/e 11) is DENIED. Butler is directed to file a response to Defendant's Motion to Dismiss Plaintiff's Complaint (d/e 4) by February 13, 2009.

IT IS THEREFORE SO ORDERED.

ENTER: January 29, 2009
       FOR THE COURT:

                                  s/ Jeanne E. Scott
                                JEANNE E. SCOTT
                    UNITED STATES DISTRICT JUDGE