IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DONALD BUTLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 08-3245 |
| LOWE'S HOME CENTERS, INC., | ) ) ) |
| Defendant. | ) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Lowe's Home Centers, Inc.'s (Lowe's) Motion to Dismiss Plaintiff's Complaint (d/e 4). For the reasons set forth below, the Motion is allowed, but Plaintiff Donald Butler is given leave to re-plead.

## STATEMENT OF FACTS

For purposes of the Motion, the Court must accept as true all well-pleaded factual allegations contained in the Complaint (d/e 1) and draw all inferences in the light most favorable to Butler.[1]  Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v.

---

[1] The Complaint is attached to the Notice of Removal (d/e 1).

1

Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). When read in that light, the Complaint must set forth a short and plain statement of the claim showing that Butler is entitled to relief. Fed. R. Civ. P. 8(a); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007); Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC, 499 F.3d 663 (7th Cir. 2007).

The Complaint alleges that on December 8, 2006, Lowe's operated a Lowe's Home Improvement Store (Store) located at 3101 Wabash Ave., Springfield, Illinois. Butler visited the Store at night as a business invitee. The parking lot in front of the Store "was covered in ice and frozen, packed snow which contained deep tire ruts." Complaint, ¶ 9. According to Butler, the parking lot was not illuminated sufficiently. Butler fell on the parking lot surface and suffered injuries.

Butler alleges that Lowe's breached a duty of care owed to Butler in the following ways:

    (a)   Failed to properly illuminate the ingress and egress to the facility when presented with a dangerous condition of ice and snow;

    (b)   Failed to repair or give notice of the known dangerous conditions of the property, specifically the accumulation of ice and snow with the deep tire ruts;

    (c)    Failed to properly maintain the parking lot;

    (d)    Failed to provide safe means of ingress and egress from the parking lot to the store.

<u>Complaint</u>, ¶ 14. Butler alleged that Lowe's alleged breaches of the duty of care were the proximate cause of his injuries. He seeks damages for Lowe's negligence.

## ANALYSIS

Butler fails to state a claim. Butler alleges that he fell on the snow and ice in Lowe's parking lot at the Store. Lowe's owed no duty of care to Butler for any danger caused by a natural accumulation of snow and ice on its property. A duty of care arises only if a property owner caused or aggravated an unnatural accumulation of snow and ice. <u>Stiles v. Panorama Lanes, Inc.</u>, 107 Ill.App.3d 896, 899, 438 N.E.2d 241, 243 (Ill.App. 5th Dist. 1982). Ruts in snow and ice in a parking lot do not cause a natural accumulation to become unnatural so as to impose a duty of care on the property owner. <u>Id.</u> Furthermore, because Lowe's had no duty to others due to the natural accumulation of snow and ice, it had no duty to warn others by way of illumination of the existence of the natural accumulation of snow and ice on its property. <u>Newcomm v. Jul</u>, 133 Ill.App.2d 918, 921,

273 N.E.2d 699, 702 (Ill.App. 3$^d$ Dist. 1971).  Based on the allegations, therefore, Lowe's owed no duty of care to Butler because of the existence of ice and snow on its parking lot.  Butler, therefore, fails to state a claim.

Butler relies on Johnson v. Abbott Laboratories, Inc., for the proposition that Lowe's owed a duty of care to provide reasonably safe means of ingress and egress to the Store when a natural accumulation of snow and ice created dangerous conditions.  Johnson, 238 Ill.App.3d 898, 905, 605 N.E.2d 1098, 1103 (Ill.App. 2$^d$ Dist. 1992).  However, in Johnson, plaintiff Johnson worked at defendant Abbott Laboratories Inc.'s (Abbott) facility.  He typically arrived between 3:00 and 4:00 a.m.  Abbott required him to park at the top of a hill and walk down a steep grade that was partially covered with stones.  Some of the stones were loose.  The path down the hill was not lit properly.  At the time of the incident, Abbott employees had plowed snow off the parking lot and roadways.  In so doing, Abbott's employees had created snow banks at both the top and bottom of the hill.  Johnson, thus, had to cross both of these snow banks and walk down a steep hill partially covered with stones in the dark.  Thus, Abbott created an unnatural accumulation of snow across Johnson's prescribed path, and furthermore, the path was not reasonably safe regardless of the

4

snow.  Butler alleged no such facts here.  The Johnson case does not apply.

Butler also argues that he alleged enough to put Lowe's on notice that he claimed the snow and ice on Lowe's lot was an unnatural accumulation. He alleged a duty to repair or give notice of the dangerous condition caused by the accumulation of snow and ice.  Complaint, ¶ 14(b).  He argues that this allegation put Lowe's on notice that he claimed that the accumulation was unnatural.  Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint (d/e 16) (Response), at 5-6.  The Court disagrees.  The cited allegation did not allege an unnatural accumulation of snow and ice caused by or aggravated by Lowe's.  The Complaint fails to state a claim. The Court, however, will give Butler leave to re-plead since he evidently intended to allege that the parking lot was covered with an unnatural accumulation of snow and ice.

THEREFORE, Defendant's Motion to Dismiss Plaintiff's Complaint (d/e 4) is ALLOWED.  The Complaint (d/e 1) is dismissed, but Plaintiff is given leave to re-plead.  Plaintiff must file his amended complaint by March 10, 2009. Defendant is directed to respond by March 27, 2009. Defendant Lowe's Home Centers, Inc.'s Motion for Leave to Reply to Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint (d/e 17)

5

is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:   February 18, 2009

    FOR THE COURT:

                                     s/ Jeanne E. Scott
                                   JEANNE E. SCOTT
                     UNITED STATES DISTRICT JUDGE